UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RENITA L. MCINTYRE,**<br><br>Defendant. | Case No. 25-mj-00185 (ZMF) |

### REPLY TO DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this reply to Defendant's Response to the Government's Motion to Dismiss Complaint Without Prejudice [ECF No. 6]. The Government moved to dismiss this matter without prejudice because charges relating to the same incident involving the defendant were filed in the Superior Court for the District of Columbia. *See* ECF No. 5. Defendant's Response seeks a dismissal of this matter with prejudice based solely upon unsubstantiated allegations and speculation, which does not provide a basis to warrant such action here. Shortly after arrest, the Government reasonably and promptly chose to bring charges in the Superior Court for the District of Columbia instead of this Court – and does not seek dismissal of this matter for tactical gain nor to harass the defendant by rebringing the case under more advantageous circumstances. Moreover, despite the defendant's incorrect assertions, the Speedy Trial Act has not been violated and does not provide the defendant with a basis for dismissal with prejudice. Accordingly, the Court should grant the government's Motion to Dismiss Without Prejudice.

### Procedural History

On August 26, 2025, members of the Metropolitan Police Department ("MPD") arrested Renita L. McIntyre for assaulting, resisting, or impeding certain officers and employees of the

United States pursuant to 18 U.S.C. § 111(a)(1). As alleged in the Statement of Facts, Defendant spit on a U.S. Deputy Marshal and kicked another U.S. Deputy Marshal. On August 27, 2025, the Honorable Zia M. Faruqui authorized an arrest warrant and criminal complaint charging Ms. McIntyre with violating 18 U.S.C. § 111(a)(1) for her actions against the Federal law enforcement officers. At her initial appearance before this Court on August 27, 2025, the Court was informed that the defendant had a pending charge in the Superior Court for the District of Columbia, Case No. 2024CMD0009475, and that she was held in that matter and ordered to have a competency evaluation. The defendant is scheduled for a competency/status hearing on September 29, 2025, in that matter. At Defendant's initial appearance in this matter, the government did not seek detention under 18 U.S.C. § 3142, but requested that a copy of defendant's competency evaluation from Superior Court matter be made available to the Court and counsel. The Court scheduled a preliminary hearing in this matter on September 17, 2025 at 11:00 a.m.  In the interim, on September 12, 2025, the government filed an Information in the Superior Court for the District of Columbia in Case No. 2025 CSPSLD 000661, charging the defendant with two counts of assault on a police officer (misdemeanor) under D.C. Code § 22-405, relating to the defendant's alleged acts on or about August 26.

On September 15, 2025, the government filed a Motion to Dismiss Without Prejudice. *See* ECF No. 5. On September 16, 2025, the defendant filed a response and seeks to have this matter dismissed with prejudice. *See* ECF No. 6.  The government timely filed a Motion to Dismiss under Fed.R.Crim.P. 48(a), and there is no legal or factual basis for the dismissal to be made with prejudice, and the defendant's motion should be summarily denied.

**Argument and Authorities**

I.  **Dismissal with Prejudice is not Warranted**

**Legal Standard.** Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information or complaint." The Supreme Court has explained that the "'principle object of the leave of court requirement' has been understood to be a narrow one — 'to protect a defendant against prosecutorial harassment . . . when the [g]overnment moves to dismiss an indictment over the defendant's objection.'" *United States v. Fokker Services B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). Therefore, a court reviews the government's motion under Rule 48(a) "primarily to guard against the prospect that dismissal is part of a scheme of prosecutorial harassment of the defendant through repeated efforts to bring—and then dismiss— charges." *Fokker Services*, 818 F.3d at 742.

As a general matter, Rule 48(a) only allows the court to reject the government's motion to dismiss without prejudice in "exceptional" cases due to the "strong presumption in favor of a no prejudice dismissal[.]" *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015). *See also, e.g.*, *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) ("When a prosecutor moves to dismiss an indictment without prejudice, there is a strong presumption in favor of that course. A court may override the presumption only when dismissal without prejudice would result in harassment of the defendant or would otherwise be contrary to the manifest public interest.") (citations and quotation marks omitted). The question of whether to dismiss a case pursuant to Rule 48(a) with, or without, prejudice turns on whether the dismissal itself is being sought for an improper purpose, such as "to gain a tactical advantage" or to bring the case again under more advantageous circumstances. *United States v. Pitts*, 331 F.R.D. 199, 203 (D.D.C. 2019); *see also*

*Rinaldi*, 434 U.S. at 30 (noting that "[t]he salient issue" in deciding whether to permit termination of prosecution under Fed. R. Crim. P. 48(a) is whether the government's "efforts to terminate the prosecution [] were tainted with impropriety"). "The key factor in a determination of prosecutorial harassment is the propriety or impropriety of the Government's efforts to terminate the prosecution—the good faith or lack of good faith of the Government in moving to dismiss." *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982). *See also United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988) ("A fundamental consideration in addressing the propriety of a prosecutor's [Fed. R. Crim. P. 48(a)] dismissal motion is whether the motion is made in 'good faith.'"). "It is only when those considerations overcome the presumption that the public interest favors a dismissal without prejudice, that a dismissal shall be ordered with prejudice." *United States v. Madzarac*, 678 F. Supp. 3d 42, 48 (D.D.C. 2023).

Where the government has sought dismissal without prejudice, courts instead have granted dismissal with prejudice only where the government has sought to dismiss a case to obtain a tactical advantage, harass the defendant, or otherwise rebring the case at a more advantageous time for the government. For example, in *Pitts*, 331 F.R.D. at 204, the court denied the government's request to dismiss without prejudice where the government failed to timely seek DNA testing and sought to salvage the case by dismissing without prejudice with hopes to rebring the prosecution once DNA test results were received. Specifically, the government advised the court that it was seeking dismissal "without prejudice in order to get the [DNA] tests done." *Id.* at 202. Because the purpose of the dismissal without prejudice "was clearly tactical, to better position the government to try this case, which is clearly prohibited under D.C. Circuit precedent," the court dismissed the case with prejudice. *Id.* at 205.

In *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989), the court explained that dismissal with prejudice is warranted when allowing re-prosecution "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." In *Poindexter*, the court declined to dismiss two counts of an indictment without prejudice where the government was seeking to gain a tactical advantage by preserving the possibility of re-prosecuting the defendant at a time when he would not need access to classified documents. *Id.* at 12 n.18. Similarly, in *United States v. Fields*, 475 F. Supp. 903, 905-08 (D.D.C. 1979), the court dismissed an indictment with prejudice where the government indicted the defendant to coerce her cooperation in another case despite knowing that its key witness—without whom the government could not prosecute the defendant—was not credible. In *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984), the Tenth Circuit held that dismissal with prejudice was warranted where the government sought dismissal solely because it was dissatisfied with the state of the investigation and charges and the defendant was prepared to proceed to trial. And in *Salinas*, 693 F.2d at 353, the Fifth Circuit dismissed an indictment with prejudice on grounds that the government was engaging in harassment and improper maneuvering, when the government sought to dismiss a case on the first day of trial because it was unhappy with the jurors who had been selected.

**Analysis.** The present case is readily distinguishable. This is not a case where the government is requesting dismissal without prejudice to induce a defendant's cooperation in another case, nor is it a case in which the government, for tactical reasons, is seeking dismissal of the complaint.

As set forth in the procedural history and facts in the Government's Motion to Dismiss and as alleged in the Statement of Facts (ECF Nos. 2 and 5), by issuing an arrest warrant the Court found probable cause that the federal charge of assaulting, resisting, or impeding certain officers

and employees of the United States pursuant to 18 U.S.C. § 111(a)(1), occurred when the defendant spit on and kicked federal law enforcement officers during the execution of their lawful duties. At the initial appearance, the defendant's preliminary hearing was scheduled for September 17, 2025. Prior to the preliminary hearing, after careful evaluation, the government moved to dismiss the Complaint against defendant McIntyre without prejudice as it determined that the matter could be more appropriately resolved with charges in the Superior Court for the District of Columbia where the defendant already had another pending matter and one in which she was currently being held pending a competency evaluation. "The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest." *Salinas*, 693 F.2d at 351-2 (citation omitted).

Despite defendant's assertions, the government's choice to initiate misdemeanor charges for assault on a police officer, pursuant to D.C. Code § 22-405, in the Superior Court against the defendant as opposed to continuing to pursue federal felony charges cannot possibly be considered prejudicial to defendant. Ignoring this reality, and the strong presumption that favors a dismissal without prejudice, defendant asserts that seeking a dismissal without prejudice "constitutes a strategic use of Rule 48 . . . and objectively amounts to prosecutorial harassment." *See* ECF No. 6 at 4, citing *United States v. Simmons*, Case No. 18-cr-344 (EGS), 2022 WL 1302888 at *19 (D.D.C. May 2, 2022). The defendant's claims are not supported by the law or record. Indeed, the *Simmons* Court found that the government did not engage in "unlawful prosecutorial harassment" when the government transferred a Superior Court gun case to the District Court for prosecution because it believed that the defendant's "demonstrated danger to the community merited a § 922(g)

charge" and that the federal charge "would lead to a more just sentence." *Id*. The Court found that the government had the authority and discretion to determine where and what charges to bring when criminal acts were believed to have occurred in the District of Columbia. "[T]he U.S. Attorney for the District of Columbia may elect to prosecute a given criminal defendant on federal rather than District charges, even though the former carry stiffer penalties[.]" In fact, the prosecutor may select one alternative charge over another precisely because the selected offense carries a more severe sentence." "The prosecutor retains the right before trial to change his mind and to re-indict a criminal defendant on more serious charges if the prosecutor decides that he charges initial brought do not adequately reflect the gravity of the defendant's conduct." *Id*. at * 20, citing *United States v. Goodwin*, 457 U.S. 368, 381-82 (1982). Given that the Court found no prosecutorial harassment in *Simmons* when more serious charges were brought, it is hard to fathom that the defendant can demonstrate prosecutorial harassment when the government has a rational basis to choose to bring less serious charges and enable the defendant's competency exam in Superior Court to go forward.

The defendant's unsupported claim that bringing charges in the Superior Court for the District of Columbia is somehow "a more favorable venue" to the government is without any factual support. *See* ECF No. 6 at 1. Indeed, in both Courts, the judges are appointed by the President and the jury pool is the same – District of Columbia residents. How one court is more favorable to the government the defendant leaves unexplained.

The defendant also incorrectly claims that the Speedy Trial Act (STA) requires a Rule 48(a) dismissal with prejudice. *See* ECF No. 6 at 1. In this matter, there has been no untoward delay in bringing charges in the Superior Court and the government notified the Court promptly by filing

7

the Motion to Dismiss Without Prejudice. The STA does not run until September 25, 2025, rendering the defendant's arguments regarding time unsubstantiated.

The defendant also incorrectly asserts that "unlike in other cases, the government submits no reason for why it seeks to dismiss this case." This assertion simply belies the facts and history of this matter. During the defendant's initial appearance, the defendant made spontaneous statements (for example alleging that Jupiter gave her something) to questions posed by Magistrate Judge Harvey which indicated that a competency evaluation appeared appropriate. At the time, Magistrate Judge Harvey was aware of the competency evaluation in Superior Court and offered that he would not order a duplicate one since there was already one pending that could be shared.

The defendant's rampant speculation as to why the government chose to bring charges in the Superior Court and dismiss the federal charge against the defendant, including that "to hold the charges in abeyance indefinitely to perhaps someday put its case before a different grand jury" is just that – speculation. *See* ECF No. 6 at 5. Defendant has provided no facts supporting the contention that the government's Motion to Dismiss Without Prejudice is based on improper motive or bad faith. Here, of course, the basis for proceeding in Superior Court instead of District Court include the palpably obvious efficiencies inherent in managing both of the defendant's pending criminal cases in a single courthouse.  Nor, given the promptness of the government's exercises of prosecutorial discretion here (less than three weeks after arrest), is there any reason to believe the decision is undertaken in bad faith.

Because the dismissal in this case is neither being requested in bad faith nor to harass the defendant, and because the government has not sought dismissal to obtain a tactical advantage or otherwise rebring the case at a more advantageous time, dismissal with prejudice is not appropriate.

## **Conclusion**

For the aforementioned reasons, a dismissal of the criminal complaint against the defendant without prejudice is warranted and should be summarily granted.

                                                      Respectfully submitted,

                                                      JEANNINE FERRIS PIRRO
                                                      UNITED STATES ATTORNEY

By:   */s/ Diane G. Lucas*
       Diane G. Lucas, DC Bar No. 443610
       Assistant United States Attorney
       United States Attorney's Office
       District of Columbia
       D.C. Bar No. 1658708
       601 D Street NW
       Washington, D.C. 20530
       202-252-7724
       Diane.Lucas@usdoj.gov